JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB -2 1984

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 567

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE UHS-QUALICARE, INC., LITIGATION

ORDER DENYING TRANSFER*

This litigation presently consists of three actions pending in three districts as follows: one action each in the Eastern District of Louisiana, the Western District of Washington, and the District of Wyoming. Before the Panel is a motion by parties who are plaintiffs in the Washington action and are defendants in the Louisiana and Wyoming actions for centralization under 28 U.S.C. §1407 of the three actions in the Western District of Washington.[1/] The defendants in the Washington action and plaintiffs in the Louisiana and Wyoming actions oppose transfer.

On the basis of the papers filed and the hearing held, we find that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. Given the minimal number of actions before us, movants have failed to persuade us that any common questions of fact involved in these actions are sufficiently complex, and that the accompanying discovery will be so time-consuming, to justify Section 1407 transfer. See In re Scotch Whiskey Antitrust Litigation, 299 F.Supp. 543, 544 (J.P.M.L. 1969). We point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F. Supp. 242, 244 (J.P.M.L. 1978). Furthermore, we note that discovery in the Louisiana and Wyoming actions is advanced, and trial dates have been scheduled in March and May, 1984, respectively, in those actions. See In re Royal Typewriter Co. (Royal Bond Copier) Breach of Warranty Litigation, 435 F.Supp. 925, 926 (J.P.M.L. 1977).

---

* Judge Sam C. Pointer, Jr., took no part in the decision of this matter.

[1/] The motion for Section 1407 transfer in this docket included one additional action -- Gulf Coast Community Hospital, Inc., v. Ted Johnson, et al., S.D. Mississippi, C.A. No. S83-0719 -- that was remanded to Mississippi state court in December, 1983.

-2-

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to centralize the actions listed on the attached Schdule A be, and the same hereby is, DENIED.

FOR THE PANEL:

*Andrew A. Caffrey*
Andrew A. Caffrey
Chairman

SCHEDULE A

<u>MDL-567 -- In re UHS-Qualicare, Inc. Contract Litigation</u>

### Eastern District of Louisiana

<u>River Oaks, Inc. v. UHS-Qualicare, Inc., et al.</u>, C.A. No. 83-4523

### District of Wyoming

<u>Lander Valley Regional Medical Center, Inc. v. UHS-Qualicare, Inc.</u>, C.A. No. 83-0330

### Western District of Washington

<u>Universal Health Services, Inc., et al. v. Safecare Company, Inc., et al.</u>, C.A. No. C83-1263